UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DANIEL C. LEVY, individually and on behalf of       CASE NO. 17-cv-5354
all others similarly situated,

                Plaintiff,

   -against-                                                            *CLASS ACTION COMPLAINT*


EQUIFAX INFORMATION SERVICES, LLC
and DOES 1 through 10, inclusive,

                Defendants.
-------------------------------------------------------------X

      Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant EQUIFAX INFORMATION SERVICES, LLC alleges as follows:

## INTRODUCTION

1.     This is an action for actual, statutory and punitive damages brought by an individual consumer and on behalf of a class for the Defendant's violations of the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681 et seq.) and the New York Fair Credit Reporting Act ("NYFCRA") (General Business Law Art. 25 §§ 349 et seq.).  Plaintiff also alleges that Defendant Equifax failed to secure and safeguard his private information and that by doing so, has committed negligence and negligence per se.

## PARTIES

2.     Plaintiff is a natural person residing in Kings County, New York.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

3. Upon information and belief, Defendant Equifax Information Services, LLC ("Defendant Equifax") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f), authorized to do business in the state of New York, and is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

## JURISDICTION

8. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. §1681p and to 28 U.S.C. §1331 as this case alleges a violation of federal law.  Venue is also proper in this Court pursuant to 15 U.S.C. §§ 1391(b) and (c) as well as 28 U.S.C. §1367.

## AS AND FOR A FIRST CAUSE OF ACTION

9. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

10. That upon information and belief, Defendant Equifax collected and stored personal and credit information from Plaintiff and other consumers, including their social security numbers, birth dates, home addresses, driver's license information, and credit card numbers.

11. That on or about July 29, 2017, Defendant Equifax discovered a security breach and unauthorized access to databases storing the confidential information of Plaintiff and other consumers.

12. That on or about September 7, 2017, Defendant Equifax publicly announced that from May to July 2017, its databases storing the credit and personal information of Plaintiff

and other consumers were hacked by unauthorized third parties, subjecting the Plaintiff and other consumers to credit harm and identify theft.

13. That although Defendant Equifax was aware of the security breach back in July 2017, it did not notify the public until at least six weeks later.

14. That in response to the security breach, Defendant offered the Plaintiff and other consumers "complimentary identity theft protection and credit monitoring" through a website it created: equifaxsecuirty2017.com.

15. That upon information and belief, said website woefully fails to rectify the problems caused by the security breach, results in consumers unknowingly waiving their legal rights and binds consumers to arbitration.

16. That Defendant Equifax owed a legal duty to consumers like the Plaintiff to use reasonable care to protect their credit and personal information from unauthorized access by third parties.

17. That Defendant Equifax breached its duty through the following acts, which include, but are not limited to: (a) failing to implement and maintain adequate data security practices; (b) failing to detect the data breach in a timely manner; (c) failing to disclose that Defendant's data management practices, policies and procedures were inadequate; and (d) failing to provide adequate and timely notice of the data breach.

18. That but for Defendant's breach of its duties, the confidential information of the Plaintiff and other consumers would not have been accessed by unauthorized third parties.

19. That the Plaintiff was a foreseeable victim of Defendant's inadequate policies and procedures.

20. That Defendant Equifax negligently failed to maintain adequate technological safeguards

to protect confidential information from unauthorized access by hackers.

21. That upon information and belief, Defendant Equifax knew and/or should have known that its failure to maintain adequate technological safeguards would eventually result in a massive data breach.

22. That as a direct result of Equifax's conduct as alleged in this complaint, Plaintiff suffered injury and damages, including but not limited to the following: injury of loss; increased risk of identity theft; increased risk of identity fraud; loss in time spent mitigating the risks of identity theft and fraud.

23. That the damages to Plaintiff were a proximate, reasonably foreseeable result of Defendant's breaches of its duties.

24. That Equifax undertook care of credit and personal information belonging to the Plaintiff and other consumers, then breached its legal duty by failing to maintain adequate technological safeguards, falling below the standard of care in the technological industry, directly and proximately causing foreseeable risk of data loss and credit harm and identity theft and other economic losses, in amounts to be decided by the jury.

25. That by the above-referenced conduct, Defendant's breach of its duties also constitutes negligence per se.

**AS AND FOR A SECOND CAUSE OF ACTION**

26. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

27. That upon information and belief, Plaintiff did not give any credit reporting agencies, including Defendant Equifax, written instructions or permission to provide his consumer report to anyone during the time period in question.

28. That upon information and belief, the Plaintiff's Equifax consumer reports were ultimately provided to an unauthorized third party.

29. That upon information and belief, Defendant Equifax released Plaintiff's credit reports for an impermissible purpose under the FCRA.

30. That upon information and belief, Defendant Equifax failed to maintain reasonable procedures that would limit the furnishing of consumer reports to the purposes listed under the FCRA.

31. That upon information and belief, Plaintiff's credit reports were not furnished for a legitimate business need.

32. That upon information and belief, Plaintiff's consumer reports were not furnished for a purpose for which the consumer report is authorized to be furnished under the FCRA.

33. That as a result of Defendant's unlawful conduct, Plaintiff's personal and private information was disclosed without his authorization or permission.

34. That as a result of Defendant Equifax's unauthorized release of Plaintiff's credit reports, Plaintiff suffered actual damages, including, but not limited to: stress, anxiety and aggravation.

35. That Defendant violated and is liable under the following sections of the FCRA, which include, but are not limited to:
    a. 15 U.S.C. §1681b which prevents a person from using or obtaining a consumer report unless the user is obtaining the report for a permissible purpose and the

      user certifies such purpose in accordance with the FCRA;

    b. 15 U.S.C. §1681e(a) which states that "Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title;"

    c. 15 U.S.C. §1681n for willfully failing to comply with the FCRA; and

    d. 15 U.S.C. §1681o for negligently failing to comply with the FCRA.

36. That Defendant's conduct, action and inaction was willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

37. That Plaintiff is entitled to recover costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## AS AND FOR A THIRD CAUSE OF ACTION

38. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

39. By the above-referenced conduct, Defendant has also violated New York GBL §349 by failing to implement adequate, commercially reasonable security measures to protect consumers' private information and that Defendant's conduct constitutes deceptive business practices in the State of New York.

40. Additionally, the Defendant's failure to properly safeguard the information of Plaintiff's and other consumers violates the requirements of N.Y. Gen. Bus. Law 349(a) as failing to

safeguard an on-going consumer service thus warranting relief under N.Y. Gen. Bus. Law 349(h) to prevent the Defendant from forcing the Plaintiff and other affected consumers to subject themselves to arbitration.

41. That as per NY GBL §349 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff and all members similarly situated for statutory, punitive and/or treble damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

### AS AND FOR A FOURTH CAUSE OF ACTION

42. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

43. That by the above-referenced conduct, Defendant has also breached its fiduciary duty to the Plaintiff and other consumers.

44. That as a result of the above violations, Defendant is liable to the Plaintiff and all members similarly situated for actual, statutory, punitive and/or treble damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

### AS AND FOR A FIFTH CAUSE OF ACTION

45. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

46. That by the above-referenced conduct, Defendant has also committed a breach of contract with regard to the Plaintiff and other consumers.

47. That as a result of the above violations, Defendant is liable to the Plaintiff and all

members similarly situated for actual, statutory, punitive and/or treble damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

### AS AND FOR A SIXTH CAUSE OF ACTION

48. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

49. That by the above-referenced conduct, Defendant has also engaged in deceptive business practices with regard to the Plaintiff and other consumers.

50. That as a result of the above violations, Defendant is liable to the Plaintiff and all members similarly situated for actual, statutory, punitive and/or treble damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

### AS AND FOR A SEVENTH CAUSE OF ACTION

51. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

52. That by the above-referenced conduct, Defendant has also committed a negligent infliction of emotional distress with regard to the Plaintiff and other consumers.

53. That as a result of the above violations, Defendant is liable to the Plaintiff and all members similarly situated for actual, statutory, punitive and/or treble damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

## CLASS ALLEGATIONS

54. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

55. The first and second causes of action are brought on behalf of Plaintiff and the members of a class.

56. The Class consists of all persons whom Defendant's records reflect resided in the state of New York, had personal or credit data collected and stored by Equifax in the past year, and were subjected to risk of data loss and credit harm and identity theft or had to pay for third-party credit monitoring services as a result of Equifax's negligent data breach from May to July 2017.

57. The class consists of consumers who suffered injuries as alleged in this complaint directly and proximately caused by Equifax's negligent failure to adequately protect its database from unauthorized access by third-party hackers.

58. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a.  Upon information and belief, the class includes millions of consumers, therefore the class is so numerous that joinder of all members is impracticable.

    b.  There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FCRA by failing to follow appropriate procedures and whether the Defendant acted negligently.

    c.    The only individual issue is the identification of the consumers whose information was hacked, a matter capable of ministerial determination from the records of Defendant.

    d.    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    e.    The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and claims pursuant to the FCRA. The Plaintiff's interests are consistent with those of the members of the class.

59. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FCRA. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

60. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

61. Defendant was negligent and violated the FCRA. Defendant's violations include, but are not limited to, the following:

    a.    15 U.S.C. §1681b which prevents a person from using or obtaining a consumer report unless the user is obtaining the report for a permissible purpose and the user certifies such purpose in accordance with the FCRA;

      b.      15 U.S.C. §1681e(a) which states that "Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title;"

      c.      15 U.S.C. §1681n for willfully failing to comply with the FCRA; and

      d.      15 U.S.C. §1681o for negligently failing to comply with the FCRA.

WHEREFORE, Your Plaintiff demands judgment against Defendant for statutory, actual, compensatory and punitive damages in an amount to be determined at the time of trial on behalf of the class; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

Dated: September 12, 2017                /S/ Amir J. Goldstein
       New York, New York              Amir J. Goldstein (AG-2888)
                                              Attorney for the Plaintiff
                                              166 Mercer St., Suite 3A
                                              New York, New York 10012
                                              Phone 212.966.5253
                                              Fax 866.288.9194

Plaintiff requests trial by jury on all issues so triable.

                                              /S/ Amir J. Goldstein
                                              Amir J. Goldstein  (AG-2888)